IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JULES L. WILLIAMS, | ) |
| Petitioner, | ) ) ) |
| v. | )     CIVIL ACTION NO. 5:09-0488 |
| | ) ) |
| D. BERKEBILE, Warden, | ) ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On May 5, 2009, Petitioner, acting *pro se*, filed an Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and an Application to Proceed *in Forma Pauperis*.[1] (Document Nos. 1 and 2.). Petitioner asserts that "the BOP has arbitrarily denied Petitioner the maximum period in a community confinement facility that was authorized by the passage of the Second Chance Act." (Document No. 2, p. 6.) Specifically, Petitioner contends that Respondent failed to make an individual determination based upon the factors set forth in Section 3621(b). (Id.) As relief, Petitioner requests "this court to issue an order allowing Petitioner to receive the 12 months authorized by the Second Chance Act."[2] (Id., p. 9.)

In support, Petitioner filed the following documents as Exhibits: (1) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated December 10, 2008 (Id., p. 11.); (2) A copy

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Petitioner has another Section 2241 action pending before this Court: *Williams v. Berkebile*, Civil Action No. 5:09-0175.

of Administrator Harrell Watts' Response dated March 4, 2009, denying Petitioner's appeal (Id., pp. 12 and 23.); (3) A copy of an "Inmate Inquiry" regarding Petitioner (Id., p. 14.); (4) A copy of Petitioner's "Inmate Request to Staff" dated September 15, 2008 (Id., p. 15.); (5) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated September 26, 2008 (Id., pp. 16 - 17.); (6) A copy of Petitioner's "Request for Administrative Remedy" dated September 26, 2008 (Id., p. 18.); (7) A copy of Warden T.R. Craig's Response dated November 4, 2008, denying Petitioner's Request for Administrative Remedy (Id., p. 19.); (8) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated November 4, 2008 (Id., p. 20.); (9) A copy of Regional Director K.M. White's Response dated December 1, 2008, denying Petitioner's appeal (Id., p. 21.); and (10) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated December 10, 2008 (Id., p. 22.).

By Order entered on May 6, 2009, the undersigned denied Petitioner's Application to Proceed *in Forma Pauperis* and directed Petitioner to pay the $5.00 filing fee. (Document No. 4.) Petitioner paid the filing fee on May 18, 2009. (Document No. 5.) By Order entered on May 19, 2009, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.)

On June 4, 2009, Respondent filed his Response to the Order to Show Cause. (Document No. 10.) Respondent argues that Petitioner's Petition should be denied because "[t]he BOP fulfilled its obligation to review Petitioner for an RRC placement pursuant to the factors in 18 U.S.C. § 3621(b)." (Id., pp. 4 - 6.). Respondent attaches the following as Exhibits: (1) Declaration of Janine Bullock, a Case Manager at FCI Beckley (Document No. 10-1.); (2) A copy of Petitioner's "Inmate

Activity Record" (Document No. 10-2, p. 2.); (3) A copy of Petitioner's "Program Review Report" (Id., pp. 4 - 6.); (4) A copy of Petitioner's "Institutional Referral for CCC Placement" (Id., p. 8.); and (5) A copy of Lynch v. Yost, Case No. 3:08-cv-238 (W.D.Pa. April 17, 2009) (Document No. 10-3.).

On June 16, 2009, Petitioner filed his Objections to Respondent's Response. (Document No. 11.) Petitioner complains that "[t]he Unit Team has not taken into consideration in determining an inmate's pre-release RRC placement, the facts of America being in a state of recession and that the unemployment rate is at an all time high." (Id.) Thus, Petitioner argues that "[a]n inmate needs to be recommended to the Regional Director for the maximum allowed 12 months pre-release RRC placement." (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief.

Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[3] and the absence of collateral consequences, and therefore, her Section 2241 Application must be dismissed.[4] See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

### PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 2.) and **REMOVE** this matter from the Court's docket.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on May 5, 2010.

[4] Based upon a review of the record, the undersigned further notes that Petitioner was appropriately considered for RRC placement pursuant to Section 3621(b). On August 25, 2008, the Unit Team noted that they "reviewed the Second Chance criteria with Inmate Williams using the five factor criteria. It was determined that 6 months RRC would be adequate RRC time for reestablishment." (Document No. 10-2, p. 2.) During Petitioner's Program Review conducted on January 4, 2009, the Unit Team continued to recommend 6 months RRC placement noting that Petitioner had "failed to maintain clear conduct and failed to enroll in ACE class." (*Id.*, pp. 4 - 6.)

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: September 20, 2011.

R. Clarke VanDervort
United States Magistrate Judge